IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BECKI J. SELLINGER     PLAINTIFF
P.O. Box 17546
Louisville, Kentucky 40217

Case No. 3:19-CV-115-DJH

Judge David J. Hale

v.

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

     SERVE:    CSC-Lawyers Incorporating Service Co.
                  421 W. Main Street
                  Frankfort, Kentucky 40601
                  (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Becki J. Sellinger, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out Equifax's failure to investigate Plaintiff's dispute regarding three alleged collection accounts and one alleged late mortgage account, and Equifax's consequent failure to amend Plaintiff's credit report.

### II. PARTIES

2.    Plaintiff, Becki J. Sellinger, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing in Louisville, Kentucky 40217.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around May 2018, Plaintiff, Becki J. Sellinger, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered nineteen (19) tradelines showing alleged collections and four (4) tradelines showing alleged late payments.

9. Immediately upon discovery of the tradelines, Plaintiff disputed the tradelines with Equifax. Specifically, Plaintiff disputed HUNTINGTON NTL BK ($19,812 HIGHEST BALANCE OPENED 4-26-2010), COMENITY BANK/VCTRSSEC ($100 CREDIT LIMIT

OPENED 7-16-2016), SYNCB/OLD NAVY ($300 CREDIT LIMIT OPENED 11-28-11-28-2014), KOHLS DEPARTMENT STORE ($300 CREDIT LIMIT OPENED 8-22-2014), WELLS FARGO HOME MORTGAG ($85600 HIGHEST BALANCE OPENED 11-01-2001), NATIONSTAR MORTGAGE LLC ($216000 HIGHEST BALANCE OPENED 11-08-2002), BANK OF AMERICA NA ($216000 HIGHEST BALANCE OPENED 11-08-2002), CREDIT BUREAU SYSTEMS ($1080 HIGHEST BALANCE OPENED 1-02-2015), CREDIT BUREAU SYSTEMS ($100 HIGHEST BALANCE OPENED 4-14-2015), CREDIT BUREAU SYSTEMS ($254 HIGHEST BALANCE OPENED 1-14-2016), CREDIT BUREAU SYSTEMS ($360 HIGHEST BLANCE OPENED 11-13-2014), MERCHANTS ADJ SERVICE ($246 HIGHEST BALANCE OPENED 4-10-2017), GLA COLLECTIONS ($100 HIGHEST BALANCE OPENED 2-8-2016), GLA COLLECTIONS ($169 HIGHEST BALANCE OPENED 4-27-2016), GLA COLLECTIONS ($273 HIGHEST BALANCE OPENED 4-27-2016), GLA COLLECTIONS ($780 HIGHEST BALANCE OPENED 4-27-2016), GLA COLLECTIONS ($1934 HIGHEST BALANCE OPENED 7-26-2017), GLA COLLECTIONS ($98 HIGHEST BALANCE OPENED 7-27-207) and GLA COLLECTIONS ($213 HIGHEST BALANCE OPENED 3-06-2015) and requested that Equifax investigate and delete the alleged collections and late payments on the tradelines.

10. In or around June 2018, Equifax, despite Plaintiff's disputes of the foregoing tradelines, failed to investigate certain disputed tradelines and, consequently, failed to delete or amend the tradelines. Specifically, Equifax failed to investigate three (3) of the alleged GLA collection tradelines and one (1) of the alleged Wells Fargo late payments.

11. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines has damaged Plaintiff in that Plaintiff has been denied

credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend its reporting of the subject tradelines.

## V. CLAIMS

### Negligence

12. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to investigate Plaintiff's disputes and its failure to remove the subject tradelines from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove GLA's and Wells Fargo's false reports regarding the GLA and Wells Fargo accounts, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff and acted with conscious disregard for Plaintiff's rights.

14. Equifax's negligent failure to investigate Plaintiff's disputes and to remove the subject tradelines from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

15. Equifax's failure to investigate Plaintiff's disputes and to remove the subject tradelines from Plaintiff's credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation

16. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 15 as if fully set forth herein.

17.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish defamatory statements to others regarding the above-listed accounts. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

18.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and the subject tradelines amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

19.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     Equifax's failure to properly investigate the disputed items, its consequent failure to delete or amend its reporting of the disputed items, and its violation of 15 U.S.C. §1681i(a)(1)(A) are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21.     Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

22.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 21 as if fully set forth herein.

23. Equifax's failure to properly investigate the disputed items, its consequent failure to delete or amend its reporting of the disputed items, and its violation of 15 U.S.C. §1681i(a)(1)(A) are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Equifax's failure to properly investigate the disputed items, and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

25. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Becki J. Sellinger, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
311 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Becki J. Sellinger, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Becki J. Sellinger*
Becki J. Sellinger

STATE OF KENTUCKY            )
                             ) SS
COUNTY OF JEFFERSON          )

Subscribed, sworn to and acknowledged before me by Becki J. Sellinger this 5 day of February, 2019.

*Laura Garrett* #536296
Notary Public

Commission expires: 6-19-19

LAURA GARRETT
Notary Public-State at Large
KENTUCKY